IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

LESLIE HIGH,

    Plaintiff,

VS.                                                                  No. 05-1088-T/An

CORRECTIONS CORPORATION OF
AMERICA, ET AL.,

    Defendants.

---

ORDER ASSESSING $250 FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff Leslie High, Tennessee Department of Correction ("TDOC") prisoner number 86372, an inmate at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on March 24, 2005. The Clerk shall record the defendants as the Corrections Corporation of America ("CCA"), WCF Warden Stephen Dotson, Assistant Warden Cherry Lindamood, Security Chief Pritchard, Acting Unit Manager/Counselor Jones, Acting Unit Manager Sain, Counselor Leavy, someone identified as "CCA Senior Anderson," and Penny Tucker, who is described as the CCA/TDOC Liaison.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 06-07-05

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[1]  The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, the plaintiff has properly completed and submitted an *in forma pauperis* affidavit containing a certification by the trust fund officer and a trust fund account statement.  Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order.  It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit.  When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court.  If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court.  On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

---

[1] Effective March 7, 2005, the civil filing fee was increased from $150 to $250.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order. If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the WCF to ensure that the custodian of the plaintiff's inmate

trust account complies with that portion of the PLRA pertaining to the payment of filing fees. However, the Clerk shall not issue process or serve any other papers in this case.

II.     Analysis of Plaintiff's Claims

The complaint alleges that, on May 15, 2004, his cellmate, Brian Hirst, filled out an inmate cell change request that was routed to defendant Sain, who denied the request on May 17, 2004. The complaint avers that Hirst's request stated that he was not getting along with plaintiff, that plaintiff had stolen his commissary and watch, and that, if he was not moved, there would be trouble. Hirst also allegedly asked defendants Jones, Leavy, and Anderson to move him. Plaintiff was physically assaulted by Hirst on May 26, 2004. After the assault, the plaintiff was escorted to the medical department, where he was held for observation for approximately a day. The plaintiff contends his head was hurting and he had double vision and back spasms and pains. He allegedly requested to be seen by a doctor and was transferred to a Bolivar medical clinic on May 27, 2004. The plaintiff was returned from Bolivar later on that evening and was released from the medical holding area without seeing a doctor.[2] On June 2, 2004, plaintiff complained on sick call of continued head pain, back spasms, and double vision. On June 8, 2004, plaintiff complained to defendants Lindamood and Pritchard about the incident and the failure to afford him a medical review by a doctor. On June 14, 2004, when he was in the clinic having his blood pressure checked, the plaintiff complained to the nurse about his continued pain and double vision

---

[2] It is not clear whether the plaintiff contends only that he did not see a doctor at the prison or whether he also contends that he did not see a doctor at the clinic in Bolivar.

stemming from the assault. Despite these efforts, nobody ensured that plaintiff would be examined by a doctor at the prison. The plaintiff seeks compensatory and punitive damages.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a):

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Knuckles El, 215 F.3d at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), *cert. denied*, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a *sua sponte* dismissal); Curry

v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, — F.3d —, No. 03-2331, 2005 WL 1120283, at *3-*6 (6th Cir. Apr. 27, 2005).

In this case, the plaintiff attached a copy of a grievance (Grievance No. 5069/160042) submitted on or about June 18, 2004 complaining about the failure to provide him with adequate medical care after the assault by Hirst. The only individual defendants mentioned in the grievance are Lindamood and Hirst, who failed to respond to his complaints. After receiving a substantive response to the grievance, the grievance committee rejected the grievance on June 29, 2004 on the ground that "[g]rievance is inappropriate to procedures move to next level per grievance procedures." On June 30, 2004, the warden agreed in part with the proposed response, stating that "grievance is inappropriate both in regards to date filed AND it is grieving medical diagnosis. As grievant himself states the outside physician found no significant injuries and he has been treated at the facility. Not being given the specific pain meds he wants is not grievable." Plaintiff's appeal to the TDOC was denied on July 20, 2004. It appears, therefore, that the plaintiff has exhausted a general claim about

the failure to provide appropriate medical care and his claims against defendants Lindamood and Pritchard for failing to respond to his letter of complaint.

Plaintiff has not, however, exhausted his claims against defendants Jones, Sain, Leavy, and Anderson concerning their failure to protect him from assault by Hirst. Plaintiff also has not exhausted any claim against defendants Dotson and Tucker. Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003); Curry, 249 F.3d at 504.[3]

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." Baxter, 305 F.3d at 489.[4] Moreover, pursuant to the recent decision in Jones Bey, a district court must dismiss any complaint that contains unexhausted claims rather than attempting to sever the exhausted claims. The facts of Jones Bey, and the separate opinion by Judge Clay, suggest that this principle applies even when the claims against some defendants have been

---

[3] Although the complaint also asserts that the plaintiff complained to various prison officials, the Sixth Circuit has repeatedly held that an inmate must strictly follow the prison grievance procedures. Shephard v. Wilkinson, 27 Fed. Appx. 526, 527 (6th Cir. Dec. 5, 2001) ("While Shephard asserts that he has raised his complaints in numerous letters to prison and public officials, a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims."); Hewell v. Leroux, 20 Fed. Appx. 375, 377 (6th Cir. Sept. 21, 2001) (same); see also Clark v. Beebe, No. 98-1430, 1999 WL 993979, at *2 (6th Cir. Oct. 21, 1999) (district court erred in holding that prisoner had substantially complied with exhaustion requirement by writing a letter to the U.S. Attorney's office that eventually made its way to the warden of plaintiff's prison). Plaintiff's informal complaints are not, therefore, a substitute for a formal inmate grievance.

[4] As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Baxter, 305 F.3d at 489.

completely exhausted. 2005 WL 1120283, at *10. Accordingly, the Court DISMISSES the complaint in its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

III.   Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis*. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[5] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures

---

[5] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee.

for paying the appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and § 1915(a)-(b).

        IT IS SO ORDERED this 6th day of June, 2005.

                                              */s/ James D. Todd*
                                          JAMES D. TODD
                                          UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 1:05-CV-01088 was distributed by fax, mail, or direct printing on June 7, 2005 to the parties listed.

---

Leslie High
86372
P.O. Box 679
Whiteville, TN 38075

Honorable James Todd
US DISTRICT COURT